U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 1 5 2019
CLERK, U.S. DISTRICT COURT
By_____
       Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| AMOS LOTT SIMMS,<br>Institutional ID No. 2171652,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TDCJ, *et al.*<br><br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 5:19-CV-228-BQ<br>§<br>§<br>§<br>§<br>§ |

## REPORT AND RECOMMENDATION

Before the Court is a document filed November 7, 2019, by pro se Plaintiff Amos Lott Simms in which he asks the Court to issue a preliminary injunction. ECF No. 5. Simms has not consented to proceed before a magistrate judge. In accordance with 28 U.S.C. § 636(b), and after considering Simms's motion and applicable law, the Court recommends that the motion be **DENIED** without prejudice to Simms's right to request injunctive relief in the future should circumstances change.

### I.    Legal Standard

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). When a plaintiff requests injunctive relief that would require the court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976); *see Hay v. Waldron*, 834 F.2d 481, 485 (5th Cir. 1987) (explaining "that in cases implicating state/federal relations, federal courts ought not to intrude into state affairs any more than is necessary"—i.e., "only when constitutional violations have been shown *and* when state

officials are demonstrably unlikely to implement the required changes without its spur" (internal quotations omitted)). In assessing whether injunctive relief serves the public interest, prison administrators must be afforded deference in the manner in which they operate the prison. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). An injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989); *see Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (citing cases for support) (explaining that "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

To secure a preliminary injunction, a movant must satisfy the following substantive requirements:

1. A substantial likelihood of success on the merits of his case;
2. A substantial threat of irreparable injury if the injunction is not granted;
3. The threatened injury to the movant outweighs any damage the injunction will cause the non-movant; and
4. The injunction will not have an adverse effect on the public interest.

*Hay v. Waldron*, 834 F.2d 481, 484 (5th Cir. 1987).

## II. <u>Analysis</u>

Initially, the Court observes that Simms has not provided notice of his request for injunctive relief to the opposing party. *See* Pl.'s Mot. 1–3, ECF No. 5.[1] For this reason alone, Simms's motion should be denied. *See* Fed. R. Civ. P. 65(a)(1) (providing that a court "may issue a preliminary injunction *only* on notice to the adverse party" (emphasis added); *King v. TDCJ*, No.

---

[1] Page citations to Simms's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

3:15-CV-1365-N-BH, 2016 WL 8671926, at *1 (N.D. Tex. Jan. 8, 2016) (recommending denial of plaintiff's request for preliminary injunction because he had not satisfied the notice requirement of Rule 65(a)).

More importantly, however, Simms has not carried his burden with respect to the necessary elements. The claims Simms raises in his Complaint are very general; he asserts that "[t]he administraion [sic] department has violated my First, Eight [sic], and Fourteen Amendment and cause me to go in to mental and emotional disstress [sic] and depression." Compl. 4, ECF No. 1. Simms provides no specific facts or details regarding his claims. Because he has not pleaded facts demonstrating constitutional violations, Simms has not shown a substantial likelihood that he will prevail on the merits or that there is a threat of irreparable injury if the Court does not grant injunctive relief.

Simms also states in his motion that he is seeking injunctive relief "do [sic] to the fact of the on going retaliation and harssment [sic.]" Pl.'s Mot. 1. He asks the Court to order TDCJ to transfer him "to another unit so that [he] wouldn't be retaliate nor harss [sic] because of [his] lawsuit pending against [the TDCJ Daniel Unit]." *Id.* at 2. Simms, however, possesses no constitutional right to housing in a particular institution within TDCJ, and the Court will not interfere with prison administration absent a showing of intentional constitutional violations. *Meachum v. Fano*, 427 U.S. 215, 224 (stating that "[t]he Constitution does not . . . guarantee that the convicted prisoner will be placed in any particular prison"); *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (affirming district court's denial of injunction to obtain release from administrative segregation); *Addison v. McVea*, Civil Action No. 13–5264, 2014 WL 7137565, at *2 (E.D. La. Dec. 15, 2014) (recommending denial of prisoner's request for injunctive relief in the

form of an institutional transfer, noting that the Constitution does not confer right to be housed in a particular prison).

In sum, because Simms has not satisfied the requirements under Rule 65(a) to obtain a preliminary injunction, the Court finds that Simms's motion should be denied.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Court deny without prejudice Simms's request for injunctive relief. ECF No. 5.

### IV. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: November 15, 2019

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE