IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| AMOS LOTT SIMMS, §<br>Institutional ID No. 2171652, §<br>§<br>Plaintiff, §<br>§   CIVIL ACTION NO. 5:19-CV-228-BQ<br>v. §<br>§<br>TDCJ, *et al.* §<br>§<br>Defendants. § | |

# REPORT AND RECOMMENDATION

Proceeding pro se and *in forma pauperis*, Plaintiff Amos Lott Simms filed this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights while incarcerated at the Preston E. Smith (Smith Unit) of the Texas Department of Criminal Justice (TDCJ). Specifically, Simms alleges in his Complaint, as supplemented by his *Spears* hearing testimony, that Lieutenant Timms prevented him from attending religious services and Officers Dominguez, Rubio, and "B" denied him Halal-compliant breakfasts during Ramadan in violation of the First and Fourteenth Amendments. *See* Compl. 4–5, ECF No. 1;[1] Tr. 2:22:20–:24:21, 3:40:55–:44:20. Simms contends that Defendants' actions caused him "mental and emotional distress." Compl. 4–5. He seeks compensatory damages for his alleged injuries. *Id.* at 5 ("I want immunity compensation of million doller [sic].").

---

[1] Page citations to Simms's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

## I.     Procedural History

**A. Preliminary Screening**

Simms filed his Complaint on October 22, 2019. ECF No. 1. On October 23, 2019, the United States District Judge transferred this case under 28 U.S.C. § 636(b)(1) to the undersigned United States Magistrate Judge for further proceedings. ECF No. 4. The undersigned thereafter reviewed Simms's Complaint as well as authenticated records from TDCJ, and conducted an evidentiary hearing in accordance with *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985).

After considering Simms's Complaint, his testimony at the *Spears* hearing, authenticated records provided by TDCJ, and applicable law, the Court determined that Simms's claims against (1) Lieutenant Timms for preventing him from attending religious services and (2) Officers Dominguez, Rubio, and "B" for denying him Halal-compliant breakfast during Ramadan, in violation of the First and Fourteenth Amendments, survived preliminary screening. ECF No. 13. The Court dismissed Simms's remaining claims against all other Defendants. ECF Nos. 13, 14. The Court entered an order on June 12, 2020, directing service and requiring an answer or other responsive pleading from Defendants Timms, Dominguez, Rubio, and "B" regarding the surviving claims. ECF No. 13.

On July 13, 2020, Defendants Magdaleno Dominguez and Mitzi Tims[2] filed an Answer (ECF No. 16) and Motion to Dismiss in accordance with Federal Rule of Civil Procedure 12(b)(1) and (b)(6). ECF No. 17. In an advisory filed the same day, the Office of the Attorney General for the State of Texas (OAG), as *amicus curiae*, notified the Court that the OAG was not able to secure authority to represent Defendants Rubio and "B" because it could not identify the officers. ECF

---

[2] Based on her filings, it appears Defendant's surname is spelled "Tims." ECF Nos. 16, 17. The Court will therefore refer to Defendant by this name.

2

No. 18. The Court therefore directed Simms to provide additional information regarding the identity of Defendants Rubio and "B." ECF No. 24.

On August 17, 2020, Simms filed a notice providing additional identifying information for Defendant "B." ECF No. 27. In that same notice, Simms stated that he does not "remember writing [O]fficer Rubio . . . in this [First Amendment] claim." *Id.* Based on Simms's response, the Court ordered the OAG to "file an answer or other responsive pleading on behalf of the person [Simms] identifie[d] as 'Officer B' and who matche[d] [Simms's] description." ECF No. 28. On September 15, 2020, Defendant Ernest Bakenga filed an Answer and Motion to Dismiss in accordance with Federal Rule of Civil Procedure 12(b)(1) and (b)(6). ECF Nos. 29, 30, 31. On September 18, 2020, Defendants Bakenga, Dominguez, and Tims filed a Motion for Judgment on the Pleadings under Rule 12(c). ECF Nos. 32, 33. Simms has not filed responses to any of the dispositive motions, and they are now ripe for review.

As of this date, all parties have not consented to proceed before the magistrate judge. The undersigned now files this Report and recommends that the United States District Judge grant Defendants Dominguez and Tims's, as well as Defendant Bakenga's, Motions to Dismiss Simms's claims for monetary damages against Defendants in their official capacities. ECF Nos. 17, 30. The undersigned further recommends that the District Judge grant Defendants Bakenga, Dominguez, and Tims's Rule 12(c) motion and dismiss with prejudice Simms's individual capacity claims against Defendants for failure to state a claim that would entitle him to relief. ECF No. 32. Finally, the undersigned recommends that the District Judge: (1) deny as moot the pending Motion for Protective Order (ECF No. 21); and (2) dismiss without prejudice Simms's claims against Officer Rubio.

### B. Defendants Dominguez and Tims's Motion to Dismiss

On July 13, 2020, Defendants Dominguez and Tims filed a Motion to Dismiss and brief in support under Federal Rule of Civil Procedure 12(b)(1) and (b)(6). ECF Nos. 17, 17-1. Defendants Dominguez and Tims state that "[b]ecause it is not specified, [they] assume Simms brings [the] claims against them in their official and individual capacities." Defs. Dominguez & Tims's Br. in Supp. of their Mot. to Dismiss 1–2,³ ECF No. 17-1 [hereinafter Defs. Dominguez & Tims's Br.]. To the extent Simms seeks monetary damages against Defendants Dominguez and Tims in their official capacities, Defendants assert they are entitled to Eleventh Amendment immunity. *Id.* at 2. Further, Defendants Dominguez and Tims contend that they are entitled to qualified immunity with respect to Simms's individual capacity claims because "Simms has failed to state any constitutional violation against Defendants." *Id.* at 4.

### C. Defendant Bakenga's Motion to Dismiss

Defendant Bakenga has also filed a Motion to Dismiss and brief in support under Federal Rules of Civil Procedure 12(b)(1) and (b)(6). ECF Nos. 30, 31. Defendant Bakenga advances the same arguments as Defendants Dominguez and Tims. Defendant Bakenga argues that, to the extent Simms asserts claims against him in his official capacity, Simms's claims are barred by the Eleventh Amendment and must be dismissed. Def. Bakenga's Br. in Supp. of his Mot. to Dismiss 2, ECF No. 31 [hereinafter Def. Bakenga's Br.]. In addition, Defendant Bakenga contends that Simms's individual capacity claims must be dismissed because "Simms has failed to state any constitutional violation . . . and therefore qualified immunity applies to shield [Bakenga] from liability . . . ." *Id.* at 5.

---

³ Defendants did not paginate any of their pleadings. Page citations therefore refer to the electronic page number assigned by the Court's electronic filing system.

4

### D. Defendants Dominguez, Tims, and Bakenga's Motion for Judgment on the Pleadings

In addition to their Motions to Dismiss under Rule 12(b), Defendants Bakenga, Dominguez, and Tims also filed a Motion for Judgment on the Pleadings under Rule 12(c) and brief in support. ECF Nos. 32, 33. Defendants assert that they are entitled to judgment on the pleadings as to all live claims because Simms has not pleaded facts demonstrating he suffered a physical injury as a result of their alleged unconstitutional conduct. Defs.' Br. in Supp. of their Mot. for J. on the Pleadings 2–3, ECF No. 33 [hereinafter Defs.' Br.]. Defendants argue Simms cannot, therefore, state a viable claim for compensatory damages under the Prison Litigation Reform Act of 1995 (PLRA). *Id.*

## II.   Simms's Allegations

In his Complaint, Simms generally alleges that Defendants violated, inter alia, his First and Fourteenth Amendment rights. Compl. 5. At the *Spears* hearing, Simms provided additional facts in support of his claims. Simms has been a practicing Muslim for almost twenty-seven years. Tr. 2:20:32–:38. He contends that Lieutenant Tims denied him the ability to attend Jumah, weekly religious services, between July 30, 2018, and December 2, 2019, while he was housed at the Smith Unit. Tr. 2:22:20–:24:21. Simms asserts that he submitted an I-60 on August 7 requesting placement on the Jumah services list,[4] but he did not receive a lay-in, i.e., official permission to attend services, until November 2019. Tr. 3:44:20–:45:11. Simms testified that he is unsure why he did not receive a lay-in but that other G-4 offenders (his custody status at the time) received lay-ins to attend Jumah services. Tr. 4:06:00–:08:04. And according to Simms, even after he received the November 2019 lay-in, Lieutenant Tims denied him the ability to attend services. Tr.

---

[4] Simms did not specify whether he made the I-60 request in 2018 or 2019. Tr. 3:44:20–:45:11.

3:44:20–:45:11. Simms stated that although he was not permitted to attend Jumah, he worshipped in his cell using his prayer rug and reading the Quran. Tr. 4:06:00–:08:04.

Simms also alleges that during Ramadan 2019, Officers Dominguez and Bakenga either refused to feed him Ramadan-compliant Halal meals or brought his breakfast after sunrise, at which point he could not eat and remain compliant with the tenets of his religion. Tr. 3:40:55–:44:20. Simms asserts that approximately three times per week for the month of Ramadan, Officers Dominguez and Bakenga did not provide Halal breakfast or breakfast at the appropriate time. *Id.*

### III.   Discussion

A court must dismiss a prisoner's *in forma pauperis* complaint filed against a government entity or employee if, *at any time*, the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2017); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*).

**A.   Standard for Evaluating a Motion to Dismiss Under Rule 12(b)(6)**

To survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering 12(b)(6) motions, courts must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312–

13 (5th Cir. 2002)). A court need only determine whether the plaintiff has stated a legally cognizable claim; it does not evaluate whether the plaintiff is ultimately likely to prevail. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). "The court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (citing *Fee v. Herndon*, 800 F.2d 804, 807 (5th Cir. 1990)). Rule 12(b)(6) motions are disfavored and granted sparingly. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

### B. Standard for Evaluating a Motion for Judgment on the Pleadings Under Rule 12(c)

A party may move for judgment on the pleadings after the pleadings close but early enough not to delay trial. Fed. R. Civ. P. 12(c). Although neither Rule 7 nor Rule 12 specifically states when the pleadings close, federal courts generally hold that this occurs upon the filing of a complaint and an answer, absent the interjection of a counterclaim, cross claim, or third-party claim, in which event the subsequent responsive filing "normally will mark the close of the pleadings." *Davis v. Nissan Motor Acceptance Corp.*, Civil Action No. 3:09–CV–869–L, 2009 WL 3363800, at *2 (N.D. Tex. Oct. 16, 2009) (citation omitted). "The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Great Plains Tr. Co.*, 313 F.3d at 312 (citation omitted).

"A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the

7

substance of the pleadings and any judicially noticed facts." *Hale v. Metrex Research Corp.*, 963 F.3d 424, 427 (5th Cir. 2020) (citation omitted); *see Brown v. Walraven*, No. 92-5243, 1993 WL 503349, at *2 (5th Cir. Nov. 17, 1993) (explaining that a Rule 12(c) "motion is useful when all material allegations of facts are admitted in the pleadings and only questions of law remain."). In evaluating the substance of the pleadings, a court "may rely on the complaint, its proper attachments, [and] documents incorporated into the complaint by reference . . . ." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (internal quotation marks omitted).

### C. Official or Individual Capacity

The Court's order requiring Defendants to answer Simms's claims did not explicitly address the question of whether Simms sought relief against Defendants in their official or individual capacities. *See* ECF No. 13. Indeed, Simms does not specify—either in his Complaint or his *Spears* hearing testimony—whether he intended to sue Defendants in their official capacity, individual capacity, or both. *See* Compl. 4–5.

While "official capacity is presumed" when a plaintiff does not otherwise specify, this Court has nevertheless liberally construed such complaints as alleging both individual and official capacity claims against the official. *See Phelan v. Norville*, Civil Action No. 5:10-CV-029-C, 2010 WL 11515176, at *3 (N.D. Tex. Nov. 5, 2010) (citation omitted); *LaFontaine v. Mail Room Employees*, No. Civ.A. 501CV220C, 2004 WL 1380521, at *3 (N.D. Tex. June 21, 2004) ("Although Plaintiff does not specifically state whether he is suing the Defendants in their official capacities, individual capacities, or both, the Court shall construe his complaint to raise both official and individual capacity claims."); *see also Bazan v. Whitfield*, CIVIL ACTION NO. 5:15-CV-185-BQ, 2017 WL 568863, at *2 (N.D. Tex. Jan. 13, 2017) (acknowledging that defendants'

motion presumed both official and individual capacity claims given the complaint's ambiguity, and court also "[l]iberally constru[ed] [plaintiff's] Complaint" as asserting claims "in both an official and individual capacity"). Because Simms's Complaint does not specifically state whether he intends to sue Defendants in their official capacities, individual capacities, or both, the Court liberally construes his Complaint as alleging claims against Defendants in both their official and individual capacities.

### D. Any claim for compensatory damages against Defendants Bakenga, Dominguez, and Tims in their official capacities must be dismissed.

In their Motions to Dismiss, Defendants Bakenga, Dominguez, and Tims assert that, to the extent Simms brings claims for monetary damages against them in their official capacities, they are entitled to Eleventh Amendment immunity. Defs. Dominguez & Tims's Br. 2; Def. Bakenga's Br. 2. The Court agrees.

Any claim for monetary damages against Defendants in their official capacities is barred by the Eleventh Amendment. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). This is because a suit against Defendants in their official capacities is, in effect, a suit against TDCJ. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (stating that "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent" (internal quotation marks omitted)); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)) (explaining that official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent"). TDCJ is immune from suit for money damages. *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) ("As an instrumentality of the state, the TDCJ[] is immune from a suit for money damages under the Eleventh Amendment."); *Dottin v. Tex. Dep't of Criminal Justice*, CIVIL ACTION NO. 1:13-CV-710, 2014 WL 11498078, at *11 (E.D. Tex. Nov. 25, 2014), *aff'd*, 627 F. App'x 397 (5th Cir.

9

2015) (explaining that "TDCJ is an arm of the state of Texas and, as such, is immune from [suit] under the Eleventh Amendment").

Thus, Defendants Bakenga, Dominguez, and Tims are entitled to Eleventh Amendment immunity regarding Simms's official capacity claims for compensatory damages. The undersigned recommends that the District Judge dismiss Simms's official capacity claims under Rule 12(b)(1) for lack of jurisdiction.

> **E. Simms cannot state meritorious claims for compensatory damages against Defendants Bakenga, Dominguez, and Tims in their individual capacities.**

Simms alleges Defendants violated his First and Fourteenth Amendment rights, causing him "mental and emotional distress." *See* Compl. 4–5. Simms seeks compensatory damages as a result. *Id.* at 5. Because Simms has not alleged that he suffered any physical injury due to Defendants' purported constitutional violations, he cannot recover compensatory damages.

Under the PLRA, "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). The Fifth Circuit has held that this requirement "applies to all federal civil actions in which a prisoner alleges a constitutional violation," including First Amendment claims. *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005); *see Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 603, 605–06 (5th Cir. 2008) (affirming district court's grant of summary judgment in favor of defendants, where prisoner only sought compensatory damages and did not allege any physical injury regarding his claim that defendants violated his First Amendment right to freely exercise his religion). The application of § 1997e(e) is based on "the relief sought, and not the underlying substantive violation." *Geiger*, 404 F.3d at 375; *see Mayfield*, 529 F.3d at 605 ("We have held that the application of

[§ 1997e(e)] . . . turns on the relief sought by a prisoner, and that it prevents prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged.").

Simms has not alleged he suffered any physical injury as a result of Defendants' purported conduct. *See* Compl. 4–5; Tr. 2:22:20–:24:21, 3:44:20–:45:11, 3:40:55–:44:20. Further, he only seeks compensatory damages.[5]  Compl. 5. Simms's failure to allege a physical injury is fatal to his claims against Defendants Bakenga, Dominguez, and Tims. *See, e.g.*, *Carter v. Hubert*, 452 F. App'x 477, 479 (5th Cir. 2011) (affirming district court's grant of summary judgment on prisoner's "First Amendment claim that the defendants denied him the right to freely exercise his religion by confiscating his Bible and other religious pamphlets because he [did] not allege that he suffered a physical injury that was more than de minimis"); *Delafosse v. Stalder*, No. 05-30173, 2006 WL 616053, at *1 (5th Cir. Mar. 13, 2006) (explaining that district court properly applied "the physical-injury requirement of 42 U.S.C. § 1997e(e) [as] bar[ring] [prisoner's] First Amendment claim for compensatory damages due to denial of a religious diet").

Simms cannot state a claim that would entitle him to compensatory damages against Defendants in their individual capacities. The District Judge should therefore dismiss with prejudice Simms's claims against Defendants Bakenga, Dominguez, and Tims for violations of the First and Fourteenth Amendments under Rule 12(c).

### F. The District Court should dismiss Simms's claims against Defendant Rubio.

In its original Order to Answer, the Court directed the OAG to answer or otherwise plead on behalf of Officer Rubio based on Simms's claim that Rubio denied him Halal-compliant breakfast during Ramadan. ECF No. 13, at 8. The OAG notified the Court that it was unable to

---

[5] Through his Complaint Simms also sought injunctive relief in the form of "transfer to another [prison] unit." Compl. 5. Because Simms has been transferred to another TDCJ unit, the Court dismissed as moot any claim for injunctive relief through a prior order. ECF Nos. 13, 14.

identify, and therefore secure authority to represent, Officer Rubio. ECF No. 18. In response to the Court's order directing Simms to provide further identifying information for Officer Rubio, Simms stated that he did not remember naming Rubio as a defendant. ECF No. 27. Simms further explained that Officer Rubio works at TDCJ's James Lynaugh Unit in Fort Stockton, Texas—not at the Smith Unit, which was the location of the alleged constitutional violations in this action. *Id.*

Simms explicitly named Officer Rubio as a defendant at the *Spears* hearing. Tr. 3:40:55–:44:20. Based on Simms's notice, however, it appears he does not intend to pursue his claim against Officer Rubio in this action. ECF No. 27. The Court therefore recommends that the District Judge dismiss without prejudice Simms's claims against Officer Rubio.

## IV.     **Recommendation**

For the foregoing reasons, the undersigned recommends that the United States District Judge grant Defendants Dominguez and Tims's Motion to Dismiss (ECF No. 17) as well as Defendant Bakenga's Motion to Dismiss (ECF No. 30) and dismiss with prejudice Simms's claims against Defendants in their official capacities based on lack of jurisdiction. The undersigned further recommends that the District Judge grant Defendants Bakenga, Dominguez, and Tims's Motion for Judgment on the Pleadings and dismiss with prejudice Simms's individual capacity claims against Defendants. ECF No. 32. Finally, the undersigned recommends that the District Judge: (1) deny as moot the Motion for Protective Order (ECF No. 21); and (2) dismiss without prejudice all claims asserted against Officer Rubio.

## V.     **Right to Object**

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: October 27, 2020

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE